**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DRAPER FRANK WOODYARD,       )
                            )
    Plaintiff,           )
                            )
vs.                         )       CIV. A. NO. 25-334-KD-MU
                            )
BALDWIN CNTY. SHERIFF'S DEP'T, *et al*.,)
                            )
    Defendants.          )

**REPORT AND RECOMMENDATION**

Plaintiff Draper Frank Woodyard proceeding without the assistance of an attorney (*pro se*) and without prepayment of fees (*in forma pauperis*) has filed this action seeking relief under 42 U.S.C. § 1983. At the Court's direction (Doc. 5), Woodyard filed an amended complaint against the Baldwin County Sheriff's Department, Baldwin County Corrections Center (BCCC), the Sheriff or Warden of BCCC, Deputy Taylor, 3 unknown female correction officers, and 1 unknown male correction officer. (Doc. 6). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). (Doc. 3).

The undersigned has reviewed the amended complaint (Doc. 6), and for the reasons explained below, **RECOMMENDS** that the amended complaint be **DISMISSED without prejudice** prior to service of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Standard of Review**

Pursuant to § 1915, the Court is to review the plaintiff's complaint to identify cognizable claims and to dismiss the complaint, or any portion of the complaint, "if the

complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i-iii). Dismissal for these reasons is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint. . . ."); § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - - the claims are frivolous or fail to state a claim.").

The standard to determine whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6) or (c). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). . . ."). A complaint is "frivolous" under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Neitzke*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349. A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). For a complaint to have facial plausibility, the

2

complaint must have sufficient factual allegations that "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and the allegations must "sho[w] that the pleader is entitled to relief." *Id*. at 557 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets in original).

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). The Court also liberally construes the plaintiff's complaint allegations, holding them to a more lenient standard than those of an attorney. *Tannenbaum v. U.S*., 148 F.3d 1262, 1263 (11th Cir. 1998). However, this leniency does not give the Court license "to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Furthermore, the Court "accepts the complaint's factual allegations as true," *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 681. As a *pro se* litigant, Plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. Discussion

In his amended complaint, Woodyard alleges that on July 8, 2024, two unknown female officers came to his cell at the BCCC and told him to pack his bags. He complied because he thought he was being released. (Doc. 6 at 4). Instead, he was taken to a holding cell with approximately eight other inmates to await transfer to an Alabama prison. When he questioned, "what was going on," he was "jumped from behind by a female CO" who "bit" his left ear lobe and "whispered . . . 'you are still going to prison.'" (*Id*.). Woodyard claims Officer Taylor "watched the attack" and "threatened to shoot

3

[him]." (*Id*.). Thereafter, a male correction officer "stabbed/poked" him in the ribs and back with a taser but did not fire the taser. (*Id*.). Woodyard alleges he was "refused medical attention for hours" for "injuries/bruises" to his back, ear lobe, and ribs and was, "forced to endure [a] 5 or 6 hour ride in handcuffs and shackles placed super tight taken to prison ...." (*Id*. at 4-5). Woodyard claims the delay in medical attention caused an ear infection, which "spread" and led to the infection in his hands and feet "coming back." (*Id*. at 5) (altered for clarity).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a person acting under color of state law violated a specific federal constitutional right or federal statutory provision. *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). The plaintiff must also establish a causal connection between a defendant's acts or omissions and the alleged violation of the plaintiff's rights. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). That is, the plaintiff must show that the named defendant was the proximate cause of his injuries, *Troupe v. Sarasota County, Fla.*, 419 F.3d 1160, 1165 (11th Cir. 2006), and that the injury "would not have occurred but for [the defendant's] conduct and if there were no unforeseeable intervening acts superseding [the defendant's] liability." *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012) (citation omitted). Because Woodyard raises allegations of excessive force, failure to protect, denial of medical care, and failure to train for an incident that occurred while he was awaiting transfer from the Baldwin County Corrections Center to an Alabama prison, it reasons that he was a convicted felon at the time his complaint arose and his claims, therefore, fall under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Jacoby v. Baldwin Cnt*y., 835 F.3d 1338, 1344 (11th Cir. 2016) (The conditions under which a

4

pretrial detainee is confined are governed by the Fourteenth Amendment, whereas the conditions which a convicted prisoner are held are governed by the Eighth Amendment.).

The Eighth Amendment protects prisoners against "cruel and unusual punishments," U.S. Const. amend. VII, and forbids the unnecessary and wanton infliction of pain. *Hope v. Pelzer* 536 U.S. 730, 737 (2002) (quotation marks and citation omitted). "A prison official violates the Eighth Amendment 'when a substantial risk of serious harm, *of which the official is subjectively aware*, exists and the official does not respond reasonably to the risk.'" *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (emphasis in original) (citation omitted). This requires a plaintiff to prove both an objective and subjective component. That is, he must show that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation and that the defendants "act[ed] with a sufficiently culpable state of mind; i.e., that they acted maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citations omitted); *see also Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1196 (11th Cir. 2003) (to satisfy the object conduct, the plaintiff must show the complained of conduct "shocks the conscience"). Both inquiries are contextual, and "the objective harm inquiry is responsive to contemporary standards." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). While not every "malevolent touch" by a prison guard amounts to excessive force, a *de minimis* use of force is cognizable under the Eighth Amendment if it is "repugnant to the conscience of mankind." *See Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (quotation marks omitted). The question to be asked in such a situation is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*

5

*v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). One of the relevant factors in this determination is the absence of injury, which may indicate the amount of force used. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). When determining the constitutionality of force used, courts afford "a wide range of deference to prison officials acting to preserve discipline and security...." *Fennell v. Gilstrap*, 559 F. 3d 1212, 1217 (11th Cir. 2009) (quotation marks omitted).

Taking Woodyard's allegations as true, he has failed to state a claim of excessive force. First, the Eleventh Circuit has held that "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). Second, "pokes" in ribs and back are considered *de minimis* uses of force that do not offend contemporary standards of decency and do rise to a constitutional level. *See, e.g., Oliver v. Powell,* 250 F. Supp. 2d 593, 603–04 (E.D. Va. 2002) (Without "extraordinary circumstances to compensate for a *de minimis* injury, [a] mere poke in the back fails to" state a claim for excessive force.); *Black Spotted Horse v. Else,* 767 F.2d 516 (8th Cir.1985) (complaint dismissed where plaintiff alleged that a correction officer pushed a cubicle wall which struck and bruised plaintiff's legs and that the officer belligerently ordered plaintiff out of the cubicle and poked him in the back*); Green v. White*, No. 20-CV-4211, 2021 WL 1979434, at *3 (E.D. Pa. May 18, 2021) (poking inmate in the face with pointed fingernails and spitting at him, in the absence of physical injury resulting from the poking, did not support an objectively serious use of force that rose to the level of an Eighth Amendment violation); *Howse v. DeBerry Correctional Institute,* 537 F. Supp. 1177 (M.D.Tenn.1982) (no excessive force found where officer shoved inmate and grabbed him so tightly by his shirt front that he suffered pain and another officer grabbed plaintiff, pushed him down a corridor and

6

poked him "harshly" in the chest while threatening him). Third, and importantly, Woodyard has failed to properly name the defendants responsible for the alleged uses of force. The general rule is that fictitious party pleading is not allowed in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The exception to this rule is if the defendant is sufficiently identified such that the name of the defendant would "be, at the very worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992); *see also Huffman v. Dunn*, No. 4:20-CV-01293-CLM, 2021 WL 2533024, at *9 (N.D. Ala. June 21, 2021) (explaining that "cases discussing the exception seem to turn on whether the description of the fictitious defendant (a) allows the reader to point to a specific individual or (b) leaves the reader wondering which person(s) out of a group fits the bill. The former is allowed; the latter is not."). The complaint must describe "the person to be sued so that the person could be identified for service." *Dean*, 951 F.2d at 1215 n.6. Woodyard was previously instructed by order dated August 21, 2025, that he must name the defendant he wanted to sue and provide facts that connected that defendant to the alleged harm. (*See* Doc. 5 at 2-3). He was further instructed that if he was "unable to accurately identify a defendant by that defendant's full (and correct) name, he must describe that defendant with enough clarity to enable service of process on that defendant or to discover the name of the defendant through discovery. If [he could not] accurately identify a defendant by his or her full name or otherwise provide a clear and specific description of the defendant that enable[d] service of process on that defendant or enable[d] his or her name to be revealed through discovery, he must not name that person as a defendant." (*Id*. at 3). Here, Woodyard does not sufficiently describe the male or female officer that used force against him such that either could be identified for service of process. Thus, all claims

against the "unknown" male correction officer and female correction officer fail. Likewise, Woodyard's claims asserted against "two unknown female guards" also fail.

Woodyard does name Deputy Taylor as a defendant and alleges Deputy Taylor watched the assault by the unknown female officer, "ignored his screams for help," "didn't stop the assault," and then "refused him medical attention for injuries sustained. (*Id*. at 5) (altered for clarity). These allegations, however, fall short of establishing a constitutional claim. To establish a failure to protect claim, a plaintiff must show that a defendant knew he faced substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Merely negligent failure to protect an inmate from attack or harm does not rise justify liability under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Moreover, liability for an officer's failure to intervene only attaches if a defendant was actually in a position to intervene. *See Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000). Woodyard has put forth no allegations demonstrating that Deputy Taylor was in position to intervene. For instance nothing in the amended complaint suggests Deputy Taylor was in close proximity to have stopped the assault; no facts suggest that the assault (a bite) lasted longer than a few seconds; no facts indicate that Woodyard complained to Deputy Taylor (or any officers) about the tightness of his restraints; no facts indicate that Deputy Taylor witnessed any other force used on Woodyard that could be described as excessive. Consequently, Woodyard has failed to show that Deputy Taylor was subjectively aware of a substantially serious risk of harm to Woodyard. Nor has Woodyard shown that Deputy Taylor was in a position to intervene and did not. Additionally, no constitutional violation exists for Deputy Taylor's threats of harm. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir.1989) (mere

8

verbal taunts, despite their distressing nature, directed at inmate by officers do not violate inmate's constitutional rights); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.").

Woodyard also fails to state a claim for deliberate indifference to his medical needs, because he has not demonstrated that he suffered an objectively sufficiently serious medical need, which is essential to stating a denial of medical care claim under § 1983. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739, (2002)). "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* (internal quotation marks and citation omitted). Woodyard's amended complaint allegations of "injuries/bruises" to his back, ribs, and ear lobe do not establish an objectively serious medical need. Even if Woodyard could show a serious medical need, the factual allegations do not indicate that any defendant was subjectively aware that Woodyard had a serious medical need and failed to reasonably respond to the risk of harm he faced. *See Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc). The complaint is simply void of facts showing that Woodyard's injuries were so obvious that a lay person would have recognized the need for treatment, that he told Deputy Taylor of his injuries and requested medical care, or that the delay in receiving medical treatment was unreasonable. *Nealy v. Masters*, No. 24-13002, 2025 WL 3297825, at *2

(11th Cir. Nov. 26, 2025) ("Deliberate indifference in the form of an unreasonable delay is cognizable when officials delay treatment for life-threatening emergencies, but also in situations where it is apparent that delay would detrimentally exacerbate the medical problem.) (internal quotation marks and citation omitted). Consequently, Woodyard has failed to state a claim of deliberate indifference to medical care.

To the extent Woodyard seeks to sue the Baldwin County Corrections Center or the Baldwin County Sheriff's Department, his claims fail. To have a viable § 1983 action, the entity sued must be capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In Alabama, a sheriff's department lacks the capacity to be sued. *Id*. Because an Alabama county jail does not have a legal existence separate from the sheriff's department, it cannot be sued under 42 U.S.C. § 1983 either. *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (the department of corrections and board of county commissioners did not have an existence separate from the county); Ala. Code § 14-6-1 (providing that the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his or her county and all prisoners committed thereto"). Therefore, the Court determines that the Baldwin County Sheriff's Department and the Baldwin County Corrections Center are not suable entities for the purposes of a § 1983 action. Accordingly, Plaintiff's complaint lacks an arguable basis in law and is, therefore, frivolous. *Neitzke, supra.*

Lastly, Woodyard's claims against the Sheriff or Warden of BCCC are conclusory and lack sufficient factual allegations to state a claim upon which relief may be granted. As discussed above, he has failed to establish an underlying constitutional violation, such that his "failure to train" claim fails, as does his claim of "employing unsafe measures or punishment if prisoner objects." (Doc. 6 at 6); *see Stalley v. Cumbie,* 124

F.4th 1273, 1288 (11th Cir. 2024) ("[U]nder our precedent, plaintiffs cannot maintain a supervisory liability claim tied to an alleged underlying constitutional violation if it is determined that no such violation occurred). To the extent Woodyard attempts to establish a "custom" of "illegally holding inmates without valid papers" (*id*.) (cleaned up), he supports his vague, conclusory claim with the single example of his personal experience, which is insufficient to establish liability under § 1983. *See Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("[R]andom acts or isolated incidents are insufficient to establish a custom or policy."); *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) ("In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice.") (quotation omitted). Accordingly, this claim is due to be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For these reasons, it is recommended that this action be **DISMISSED without prejudice** prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

11

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **30**th day of **March**, **2026**.

**/s/  P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**