IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD,            )
                                  )
        Plaintiff,                )
                                  )
vs.                               )        Civil Action No. 25-00334-KD-MU
                                  )
BALDWIN COUNTY SHERIFF'S          )
DEPARTMENT, *et al*,              )
                                  )
        Defendants.               )

**ORDER**

This action is before the Court on the "Rehearing Motion to Proceed on Appeal" (doc. 19), second Motion to Proceed on Appeal *in forma pauperis* (doc. 20), and "Objection (Motion for Rehearing)" (doc. 22) filed by Draper Frank Woodyard.

A. Background

In September 2025, Woodyard filed this action pursuant to 42 U.S.C. § 1983 against the Baldwin County Sheriff's Department, the Sheriff, the Baldwin County Corrections Center, the Warden, Deputy Taylor, three unknown female corrections officers, and one unknown male corrections officer (doc. 6). Woodyard claims that he was assaulted by corrections officers while awaiting transfer to prison, and that Deputy Taylor "watched the attack" and "threatened to shoot" him. His motion for leave to proceed in forma pauperis was granted.

The Magistrate Judge determined that because Woodyard was in the Baldwin County Corrections Center awaiting transfer to an Alabama prison, he was a convicted prisoner at the time the conduct giving rise to his Complaint occurred and therefore his claim of excessive force fell under the Eighth Amendment.  As to this claim, the Magistrate Judge found that Woodyard

failed to state a claim upon which relief may be granted (doc. 7, p. 6-7). The Magistrate Judge found that Woodyard's claims against the unknown corrections officers failed for lack of sufficient description such that they could be identified for service of process (Id., p. 7-8). The Magistrate Judge construed Woodyard's Amended Complaint as raising a failure to protect claim against Deputy Taylor and found that Woodyard failed to show that Deputy Taylor was subjectively aware of a substantially serious risk of harm or that he was in a position to intervene but failed to do so (Id., p. 8).

The Magistrate Judge also found that Woodyard failed to state a claim for deliberate indifference to his medical needs because he did not demonstrate that he suffered an objectively sufficient serious medical need (Id., p. 9). The Magistrate Judge also found that the factual allegations did not indicate that any Defendant was subjectively aware that Woodyard had a serious medical need and failed to reasonably respond (Id.).

The Magistrate Judge found that Woodyard's claims against the Baldwin County Sheriff's Department and Baldwin County Corrections Center failed because they lacked capacity to be sued (Id., p. 10). Last, the Magistrate Judge found that Woodyard's claims against the Sheriff and the Warden were conclusory and lacked sufficient factual allegations to state a claim upon which relief may be granted (Id., p. 10-11). Ultimately, the Magistrate Judge recommended dismissal without prejudice prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) ("frivolous or malicious") and (ii) ("fails to state a claim on which relief may be granted") (Id., p. 11).

The Report and Recommendation was adopted (doc. 9). Judgment was entered dismissing this action without prejudice (doc. 10). Woodyard then filed his Notice of Appeal, Motion for Leave to Appeal in Forma Pauperis and Amended Motion.

When the Notice of Appeal was docketed, the Court of Appeals for the Eleventh Circuit determined that the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), now applied to Woodyard. Woodyard v. Sheriff, Baldwin County, Alabama, et al., Ct. of Appeals Docket 26-11315 (11th Cir. Apr. 20, 2026). The Eleventh Circuit noted Woodyard's "Fee Status" as "Three Strikes." (Id., doc. 1). The Eleventh Circuit also noted that a motion for leave to appeal in forma pauperis was pending in this Court.

On May 4, 2026, Woodyard moved for leave to appeal in forma pauperis in the Eleventh Circuit (Id., doc. 3). The Eleventh Circuit gave "notice that no action will be taken" on grounds that "The appeal cannot proceed until the full docketing and filing fees are paid to the District Court clerk." (Id., doc. 4). Then, on May 12, 2026, the Eleventh Circuit dismissed the appeal for want of prosecution because Woodyard had not paid the filing and docketing fees in full to this Court within the time set by the rules (Id., doc. 5).[1]

Earlier in the day on May 12, 2026, this Court denied Woodyard leave to appeal in forma pauperis (doc. 17). The Court acknowledged that Woodyard had not provided a copy of his inmate account statement but presumed that Woodyard was financially unable to pay the appellate fee based upon the multiple times that he had been granted in forma pauperis status. The Court then determined that Woodyard was unable to show a meritorious argument to raise on appeal and found that the appeal was frivolous and not taken in good faith. Pursuant to 28 U.S.C. § 1915(b)(1), the Court found that Woodyard was obligated to pay the statutory appellate filing fee and ordered that the fee would be collected from his prisoner account.

B. <u>Analysis</u>

---

[1] Woodyard moved to reinstate but no action was taken because the deficiencies that caused dismissal had "not been remedied." <u>Woodyard</u>, Ct. of Appeals Docket 26-11315 (docs. 7, 8).

Now, in his "Rehearing Motion" (doc 19), Woodyard acknowledges that the Eleventh Circuit dismissed his action for failure to prosecute but asks this Court to "rehear or allow his case to proceed on appeal" *in forma pauperis* because he had difficulty obtaining his inmate account statement from the jail. He argues he should be allowed to proceed because he has now submitted his account statement showing that he is indigent. In his contemporaneous renewed "Motion to Proceed on Appeal in Forma Pauperis", he provides a copy of his inmate account statement and again argues that he should be allowed to proceed "on the same terms and conditions as specified by the Court on his original ifp" (doc. 20).

Woodyard's Motions (docs. 19, 20) are DENIED. The Court already presumed that Woodyard qualified financially to appeal in forma pauperis. The fact that he now provides an inmate account statement which confirms his financial status is of no consequence. The Court denied his Motion on grounds that his appeal was frivolous and not taken in good faith (doc. 17).

Last, in his "Objection and Motion for Rehearing" (doc. 22), Woodyard asks the Court to rehear his motion to proceed in forma pauperis or, because the Eleventh Circuit has dismissed the appeal, vacate the Order to collect the filing and docketing fees from his account. Woodyard argues that the Eleventh Circuit "could not have received information from this Court informing Eleventh Cir. Clerk that [an] order was issued to garnish [his] account" for the fees and "as a result my appeal was dismissed w/o further notice." (Id.).

At the time the Court entered its May 12, 2026 Order (doc. 17) denying Woodyard leave to appeal in forma pauperis and ordering collection of fees from his inmate account, the Court was not aware that the Eleventh Circuit had decided on April 20, 2026 that Woodyard was subject to the "three strikes" provision in the PLRA. Woodyard, Ct. of Appeals Docket 26-11315. Pursuant to the PLRA, Woodyard was given notice that

The "three strikes" provision of the Prison Litigation Reform Act applies to this appeal. See 28 U.S.C. § 1915(g).  The appeal cannot proceed until the full docketing and filing fees are paid to the DISTRICT COURT clerk.  If the fees have not been paid within 14 days after the date of this notice, this appeal will be dismissed without further notice by the clerk.  See 11th Cir. R. 42-1(b).

(Id., at Doc. 1-1, April 20, 2026).

Woodyard appears to argue that receipt of this Court's Order would have prevented dismissal of his action.  He is not correct. Regardless of whether this Court's Order was received by the Eleventh Circuit, the part of the Order which ordered collection of the filing fees from Woodyard's inmate account was a nullity because the Eleventh Circuit had found that he was subject to the three-strike provision and he had been ordered to pay the filing fees in full within 14 days of filing his notice of appeal.  The "three strikes" provision "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Pinson v. Grimes, 391 Fed. Appx.797, 798–99 (11th Cir. 2010) (citation omitted). Accordingly, the part of this Court's Order which ordered collection of the filing fees (doc. 17, p. 5-6) is VACATED, the remainder of the Order remains in effect, and Woodyard's Motion for Rehearing is DENIED.

The Clerk is directed to mail a copy of this Order to Woodyard and to the Financial Division of the jail where he is presently incarcerated.

**DONE** and **ORDERED** this 28th day of July 2026.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

5